IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE BANKS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00522-KD-N |
| | ) | |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC f/k/a/ | ) | |
| JOHNSON AND JOHNSON | ) | |
| PHARMACEUITICAL RESEARCH | ) | |
| AND DEVELOPMENT LLC, *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This action is before the undersigned Magistrate Judge *sua sponte* on review of the Complaint (Doc. 1) filed by the Plaintiff, Annie Banks ("Banks"). Upon review, the undersigned finds the Complaint to be deficient for the following reasons.

### I.    Subject Matter Jurisdiction

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

The Complaint alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction over the claims in this

action.[1]  (*See id.* at 11, ¶ 65).

> When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (footnote omitted).

*See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir.

---

[1] *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

1974)).[2]

Banks, as the party invoking this Court's jurisdiction, bears the initial burden of pleading sufficient facts establishing jurisdiction. Banks properly alleges that § 1332(a)'s requisite amount in controversy is satisfied by claiming that it "exceeds $75,000.00, exclusive of interest and costs." (Doc. 1 at 11, ¶ 65). *See, e.g.*, *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." (citing 28 U.S.C. § 1332)). She also properly alleges the citizenships of the corporate defendants - Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceutica Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. (a citizen of Pennsylvania and New Jersey (*see* Doc. 1 at 4-5, ¶ 19)); Bayer Healthcare Pharmaceuticals, Inc. (a citizen of Delaware and New Jersey (*see id.* at 6, ¶ 31)); Bayer Corporation (a citizen of Indiana and Pennsylvania (*see id.* at 8, ¶ 47)) - by alleging the states under whose laws they were incorporated and where they have their principal places of business. *See* 28 U.S.C. § 1332(c)(1). However, Banks has failed to properly plead facts establishing the citizenships of the other parties, beginning with her own citizenship.

a. **Plaintiff's Citizenship**

First, Banks, a natural person, alleges only that she is a "resident" of

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

3

Alabama. (Doc. 1 at 3, ¶ 8). The Eleventh Circuit has repeatedly stressed that "**[c]itizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). *See also Travaglio*, 735 F.3d at 1269 ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission…" (quotation marks omitted)); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship.").

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.

4

A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). *See also Travaglio,* 735 F.3d at 1269 (" 'Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction.' And domicile requires both residence in a state and 'an intention to remain there indefinitely....' " (quoting *McCormick,* 293 F.3d at 1257-58 (internal quotation marks omitted)) (internal citation omitted)); *Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

As such, if Banks wishes to adequately plead diversity, she must allege her state of citizenship/domicile.

### b. LLC Parties

Unlike a corporation, for purposes of assessing diversity of citizenship "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *Accord Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). Therefore, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company . . ." *Rolling Greens*, 374 F.3d at 1022.

Banks alleges that the sole member of Defendant Bayer Healthcare LLC is Defendant Bayer Corporation. (Doc. 1 at 8-9, ¶¶ 48, 52) As such, Bayer

5

Healthcare LLC, like Bayer Corporation, *see supra*, is a citizen of Indiana and Pennsylvania. However, Banks has not alleged the citizenships of the members of the other two LLC defendants, Janssen Research & Development LLC f/k/a Johnson and Johnson Research and Development LLC, and Janssen Ortho LLC, which she must do in order to establish diversity jurisdiction over this action.[3] "This can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (Easterbrook, J.) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity")

### c. "AG" Parties

Regarding Defendants Bayer Pharma AG, Bayer Healthcare AG, and Bayer AG ("the AG Defendants"), Banks alleges only that they are "companies," with Bayer Pharma AG and Bayer Healthcare AG being "domiciled" in Germany and with Bayer AG being a "German" company "headquartered" in Germany. (Doc. 1 at 7, ¶ 38; 10,

---

[3] Banks alleges that Janssen Ortho LLC "is a subsidiary of Johnson & Johnson." (Doc. 1 at 5, ¶ 25). This statement is insufficient to identify the LLC's membership. Moreover, to the extent Banks is claiming "Johnson & Johnson" is a member/the sole member of the LLC, she has not alleged "Johnson & Johnson's" citizenship.

Banks also alleges that "Defendant Bayer AG is the parent/holding company of all other named Defendants." (Doc. 1 at 10, ¶ 61). This statement too is insufficient to identify the membership of the LLC defendants. Moreover, Banks has failed to adequately allege the citizenship of Bayer AG, *see infra*.

¶¶ 55, 59). Banks has made no attempt to explain what the suffix "AG" means, and the label "company" is of no help in determining how the AG Defendants should be treated for purposes of diversity.

Generally, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 U.S.C § 1332 (c)(1). Even assuming the AG Defendants are to be treated as corporations, Banks has provided no information establishing the citizenship of either Bayer Pharma AG or Bayer Healthcare AG.

However, a court should not "assume[] that [a foreign state] has business entities that enjoy corporate status as the United States understands it[,]" as "not even the United Kingdom has a business form that is exactly equal to that of a corporation." *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). "Deciding whether a business enterprise based in a foreign nation should be treated as a corporation for the purpose of § 1332 can be difficult. Businesses in other nations may have attributes that match only a subset of those that in the United States distinguish a 'corporation'—a business with indefinite existence, personhood (the right to contract and litigate in its own name), limited liability for equity investors, and alienable shares, among other features—from forms such as the limited liability company, the limited partnership, and the business trust." *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014) (Easterbrook, J.) (vacating district court's judgment

7

and remanding with instructions to dismiss for want of subject-matter jurisdiction where, on appeal, the defendant business established under the law of China was found to be "closer to a limited liability company than to any other business structure in this nation," thus defeating diversity where both the plaintiff and a member of the defendant entity were citizens of Illinois) (internal citation omitted). *See also BouMatic*, 759 F.3d at 791 ("Classification of a foreign business entity can be difficult, because other nations may use subsets of the characteristics that distinguish corporations from other business entities in the United States." (internal citation omitted)).

"In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens*, 374 F.3d at 1021. Thus, "the Court in *Carden* provided a general rule: every association of a common-law jurisdiction other than a corporation is to be treated like a partnership. That rule applies without regard to the corporation-like features or other business realities of the artificial entity." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1087 (11th Cir. 2010) (internal citation and quotations omitted). Moreover, "[i]f it is hard to determine whether a business entity from a common-law nation is equivalent to a

8

'corporation,' it can be even harder when the foreign nation follows the civil-law tradition." *White Pearl Inversiones*, 647 F.3d at 686 ("Uruguay has at least three forms of limited-liability businesses: sociedad anónima (S.A.), sociedad anónima financiera de inversión (S.A.F.I.), and sociedad responsabilidad limitada (S.R.L.). White Pearl did not say which kind it is, and its lawyers did not analyze whether that kind of business organization should be treated as a corporation. We learned at oral argument that White Pearl's lawyers did not know—indeed, that they did not even know their client's legal name and had not tried to analyze the significance of its (unknown) organizational attributes. They simply assumed that Uruguay has such a beast as a 'corporation' and that White Pearl is one. The lawyers for Cemusa made the same assumption.").

As such, if Banks wishes to adequately plead diversity, she must allege what kind of entity the AG Defendants are – that is, whether they are corporate or unincorporated entities. If they are to be treated as corporations, she must allege "every State and foreign state by which [each] has been incorporated and []the State or foreign state where [each] has its principal place of business…" § 1332(c)(1). If they are to be treated as unincorporated entities, she must allege the citizenships of their members.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). As such,

9

Banks will be given an opportunity to file an amended complaint that properly alleges subject matter jurisdiction.

## II. "Shotgun" Pleading

Apart from the defects in her allegations supporting subject matter, *see supra*, Banks's Complaint, clocking in at 46 pages with 241 separate numbered paragraphs, is also defective because it is a "proverbial shotgun pleading," as it "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief . . ." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). *See also, e.g.*, *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous."); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading, in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." (internal citation omitted)); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam) ("Each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations'…while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could

not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts…"). The Complaint is also "shotgun" in nature because "all defendants are charged in each count[,]" and "[t]he complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the []defendants charged…" *Magluta*, 256 F.3d at 1284.

In this Circuit, "shotgun pleadings" have "been roundly, repeatedly, and consistently condemn[ed] for years, long before this lawsuit was filed." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008). *See also, e.g., id.* at 981-84 (discussing at length the "unacceptable consequences of shotgun pleading"); *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-28 (11th Cir. 2014) (discussing "the persistence of the shotgun pleading problem"); *Wagner*, 464 F.3d at 1279 (" '[S]hotgun pleadings wreak havoc on the judicial system.' *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). "When presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam) (unpublished) (citing *Wagner*, 464 F.3d at 1280)). *See also, e.g., Davis*, 516 F.3d at 984 ("In light of defense counsel's failure to request a repleader, 'the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.' " (quoting *Anderson*, 77 F.3d at 367 n.5)); *Paylor*, 748 F.3d at 1127 (same); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162

F.3d 1290, 1333 (11th Cir. 1998) ("We recognize the time pressures that the federal district courts face because of crowded dockets; it is much easier in the short term to permit shotgun pleadings—in the hope that the parties will settle their dispute—instead of intervening *sua sponte* to narrow the issues. In the long term, however, the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. As we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation.").

Indeed,

> [i]f the trial judge does not quickly demand repleader, all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happen[s] [frequently]. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the court[s'] ability to administer justice.
>
> *Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (internal citations and quotations omitted).

*Paylor*, 748 F.3d at 1127-28.

As such, Banks must also amend her complaint to allege with greater specificity which factual allegations support each claim for relief and to clarify which

claims are asserted against each individual defendant.

### III. Conclusion

Accordingly, Banks is hereby **ORDERED** to file, no later than **Wednesday, December 3, 2014**, an amended complaint that cures the defects specified in this Order.[4] The amended complaint, if filed, shall become the operative complaint in this action.[5] Banks shall serve the Defendants with the amended complaint, and the Defendants shall respond to the amended complaint within the time permitted by Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this the 19th day of November 2014.

>   */s/ Katherine P. Nelson*
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**

---

[4] In this District, "[a]ll civil actions" are "automatically referred" to the Magistrate Judges, *inter alia*, "for the purpose of hearing and determining all nondispositive pretrial motions." SD ALA Local Rule 72.2(c)(1). Amendment of pleadings is generally considered a non-dispositive pretrial matter. *See* 12 Charles Alan Wright *et al.*, Fed. Prac. & Proc. Civ. § 3068.1 (2d ed. 1997); 32 Am. Jur. 2d Federal Courts § 132.

[5] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").